**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.: 26-cv-60149-JB/DSW**

PRISCILLA CHRISTIE AND
AVA ALAYNA HARDEMON,

      **Plaintiffs,**

v.

FRANK J. BISIGNANO,

      **Defendant.**

_____/

**REPORT AND RECOMMENDATION**
**TO DISMISS CASE WITHOUT PREJUDICE**

**THIS CAUSE** is before the Court on a *sua sponte* review of the record. This case has been

assigned to the Honorable Jacqueline Becerra, and the undersigned is assigned to the case in

accordance with Administrative Order 2025-11. [ECF No. 12]. Upon thorough and careful review

of the record, the undersigned respectfully recommends that this case be **DISMISSED**

**WITHOUT PREJUDICE** for the reasons outlined below.

On January 20, 2026, pro se Plaintiff Priscilla Christie ("Christie"), on behalf of minor pro

se Plaintiff Ava Alayna Hardemon ("Hardemon," and, collectively with Christie, "Plaintiffs"),

filed a Complaint against Defendant Frank J. Bisignano ("Defendant") for a Review of a Social

Security Disability or Supplemental Security Income Decision. [ECF No. 1]. Contemporaneously,

Christie filed an Application to Proceed in District Court Without Prepaying Fees or Costs (Short

Form). [ECF No. 3]. The Court denied Christie's motion, but instructed Christie that, if she wished

to proceed without prepaying fees or costs in this action, she should re-file an Application to

Proceed in District Court Without Prepaying Fees or Costs (Long Form) by February 9, 2026. [ECF No. 4]. To date, Christie has not re-filed an IFP Motion.

On February 4, 2026, the Court entered a *sua sponte* order to show cause, requiring an attorney to appear on behalf of Hardemon, a minor child, by April 1, 2026. [ECF No. 5]. The Court explained in its Order that parents who are not attorneys may not bring a pro se action on behalf of their child. *Id.* The Court also warned that "[f]ailure to secure legal representation for Plaintiff Hardemon may result in dismissal of Plaintiffs' lawsuit." *Id.* On March 31, 2026, Christie filed a Motion to Request Additional Time and Notice of Change of Address, in which Christie asked the Court for additional time to find legal representation for Hardemon. [ECF No. 8]. The Court granted the motion and gave a deadline of May 1, 2026 to secure legal representation for Hardemon. [ECF No. 9]. Again, the Court warned that failure to secure legal representation may result in dismissal of Plaintiffs' action. *Id.* However, to date, an attorney has not appeared on Hardemon's behalf.

When a plaintiff fails to comply with the Court's orders to pay the filing fee, or as in this case when the Court gave Plaintiffs the opportunity to secure legal representation for Hardemon, "[f]ederal courts possess an inherent power to dismiss a complaint for failure to comply with a court order." *Acosta v. Soc. Sec. Admin.,* No. 25-CV-23879, 2025 WL 3897565, at *2 (S.D. Fla. Dec. 16, 2025), *report and recommendation adopted*, No. 25-23879-CIV, 2026 WL 36458 (S.D. Fla. Jan. 6, 2026); *accord Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017). "The goal of this sanction is 'to prevent undue delays in the disposition of pending cases and to avoid congestion in the' court's calendar so that the court can 'achieve the orderly and expeditious disposition of cases.'" *Acosta*, 2025 WL 3897565, at *2.

The Court has already given Plaintiffs two opportunities to secure legal representation for Hardemon and has warned that failure to do so may result in dismissal. *See* [ECF Nos. 5, 9]. Plaintiffs have still failed to comply with these Orders, and their failure to comply has caused delay in this case. For these reasons, the undersigned hereby **RECOMMENDS** that the Court exercise its inherent power to **DISMISS** this case without prejudice.

Within **fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this district. 28 U.S.C. § 636(b)(1). Any response shall be filed within **seven (7) days** of the objections. The parties are hereby notified that a failure to timely object waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2016); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 17th day of June, 2026.

**DETRA SHAW-WILDER**
**UNITED STATES MAGISTRATE JUDGE**

cc:    All Counsel of Record

Priscilla Christie, Pro Se

Ava Alayna Hardemon, Pro Se